**Mohammad Imran KHAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–70817.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, S. Terry Schubert, Esq., U.S. Department of Justice, Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Mohammad Imran Khan, a native and citizen of Pakistan, petitions for review of a Board of Immigration Appeals' decision which adopted and affirmed and added its own analysis to the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999), and we deny the petition.

Khan's asylum application, supplemental statement, and testimony before the IJ presented incompatible accounts regarding which of the two factions was persecuting him. Moreover, when questioned about these discrepancies, Khan was unable to provide a sufficient explanation. Because these discrepancies regarding the MQM

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

factions go to the heart of his claim, substantial evidence supports the IJ's adverse credibility determination. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). Because Khan failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

In addition, substantial evidence supports the finding that Khan failed to establish eligibility for CAT relief. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**